### HOLDER v B F GOODRICH CO

Ohio Appeals, 9th Dist, Summit Co

No 2606.   Decided Jan 31, 1936

Cowan, Adams & Adams, Columbus, for plaintiff in error.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for defendant in error.

## OPINION

By STEVENS, J.

We are unanimously of the opinion that the trial court erred in dismissing plaintiff's action upon the grounds assigned by the court.

Defendant has filed a cross-pteition in error, asking this court to render final judgment in its favor, for the reason that it was entitled to have a judgment entered in its favor upon its motion for judgment upon the pleadings and opening statement of counsel, which motion the trial court had overruled; or, in the event that final judgment be not entered in its favor, that the judgment of dismissal be allowed to stand as not being erroneous, in view of the fact that defendant was entitled to a judgment in its favor on the pleadings and opening statement. As authority for the

proposition that this court has jurisdiction in this proceeding to determine whether defendant was entitled to such judgment on its motion made during the trial of the case, defendant cites the **Hocking Valley Mining Co. v Hunter, 130 Oh St 333,** and **Cincinnati Goodwill Industries v Neuerman, 130 Oh St 334.**

Assuming, for the purpose of this discussion, without deciding the question, that this court has such jurisdiction, we hold that, indulging the presumptions which the law enjoins upon us with reference to the pleadings and opening statement for plaintiff, defendant was not entitled to a judgment in its favor upon its motion made in the trial court, and is not so entitled in this court.

The law governing plaintiff's rights was that in effect at the time plaintiff made his original application.

**Tyler Co. v Rebic, 118 Oh St 522.**

The law did not require an application for rehearing to be filed, so plaintiff's failure to file such application for rehearing becomes of no consequence in this action.

The ruling of the Industrial Commission that it had no jurisdiction to entertain or consider plaintiff's application filed May 29, 1933, for the reason that it was not filed within the 10-year period of limitation, was a denial upon a jurisdictional ground of plaintiff's right to participate in said fund, and hence said case was appealable.

Inasmuch as we have assumed that this court had jurisdiction to consider the questions raised by the cross-petition of the defendant filed herein, and have indicated our views on these questions, we do not, by so doing, mean to have the same considered as the law of this case to govern the rights of the parties in the event there is a retrial of the case.

The relief sought in defendant's cross-petition in error is denied, without prejudice to the right of the defendant to again raise the questions presented by said cross-petition in error in the event there is a retrial of this case, and the judgment of dismissal entered by the trial court is reversed, and this cause is remanded for further proceedings in conformity to law.

Judgment reversed and cause remanded.

FUNK, PJ, and WASHBURN, J, concur in judgment.